IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR UKADIKE EZEIBE, | : | |
| Plaintiff | : | No. 1:19-cv-00189 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| CITY OF YORK and | : | |
| JOHN DOES and JANE DOES, | : | |
| Defendants | : | |

**MEMORANDUM**

Before the Court is Defendant City of York ("Defendant City")'s motion to dismiss. (Doc. No. 8.) For the reasons that follow, Defendant's motion will be granted.

**I.     BACKGROUND**

**A.     Procedural Background**

Plaintiff Victor Ezeibe ("Plaintiff") initially filed this action on February 4, 2019. The complaint asserted federal claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and state law tort claims against Defendants John/Jane Does ("the Individual Defendants") in addition to a Monell claim against Defendant City for failure to train and supervise the Individual Defendants and failure to create or implement policies requiring the documentation of incidents in which police officers draw firearms. (Doc. No. 1.) Defendant City filed a motion to dismiss the complaint against it (Doc. No. 8) on April 4, 2019, along with a brief in support thereof (Doc. No. 10). Plaintiff filed a brief in opposition to Defendant's motion on April 18, 2019 (Doc. No. 11) to which Defendant City responded on May 2, 2019 (Doc. No. 12). Having been fully briefed, the motion is now ripe for disposition.[1]

---

[1] Upon consideration of the briefing in this matter, the Court views Defendant City's motion (Doc. No. 8) as seeking to dismiss only claims against Defendant City. Therefore, this

**B.	Factual Background** [2]

On the evening of December 16, 2018, Plaintiff was followed by a police cruiser driven by one of the Individual Defendants as Plaintiff drove his vehicle from the Shell Gas Station on Roosevelt Avenue to the Turkey Hill Mini Market on West Market Street in York, Pennsylvania. (Doc. No. 1 ¶ 6.) After Plaintiff parked his vehicle, one of the Individual Defendants shouted at Plaintiff, "Stay in your car! Do not come out of your car!" (Id. ¶ 7.) Plaintiff waited in his car, as instructed, and was surrounded by approximately four to five other police cruisers and the Individual Defendants. (Id. ¶ 8.) Plaintiff was ordered to drop his car keys out the window, after which Plaintiff observed three Individual Defendants aiming firearms at him. (Id. ¶¶ 9-11.)

Plaintiff was then ordered to exit the vehicle and was handcuffed. (Id. ¶¶ 13-14.) The Individual Defendants searched Plaintiff, including in his underwear and pockets. (Id. ¶ 15.) Following the search of his person, Plaintiff was confined in the back of a police cruiser while the Individual Defendants searched his personal vehicle. (Id. ¶ 16.) When Plaintiff was escorted out of the police cruiser after the completion of the vehicle search, the Individual Defendants caused a cut or abrasion to Plaintiff's person. (Id. ¶ 17.)

Approximately three days after the aforementioned incident, Plaintiff contacted the City of York's Police Department to inquire about information related to the incident and was informed that there were no records of the incident. (Id. ¶ 19.) Plaintiff alleges that he has suffered mental and emotional suffering as a result of the incident, including panic attacks and nightmares. (Id. ¶ 18.)

---

Memorandum does not address the sufficiency of claims asserted against the Individual Defendants.
[2] The following factual background is taken from the allegations of Plaintiff's complaint (Doc. No. 1).

## II. STANDARD OF REVIEW

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). When reviewing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court need not accept legal conclusions set forth as factual allegations. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Consistent with the Supreme Court's ruling in Twombly and Ibqal, the Third Circuit has identified three steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F. 3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted). A complaint is properly dismissed where the factual content in the complaint does not allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678.

## III. DISCUSSION

### A. Plaintiff's Monell Claim Under 42 U.S.C. § 1983 (Count I)

#### 1. Applicable Legal Standard

Count I of Plaintiff's complaint asserts a claim against Defendant City for false arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution.[3] In Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658 (1978), the Supreme Court established that municipalities can be held liable for constitutional violations under 42 U.S.C. § 1983. See id. at 690. However, municipal liability is limited to those actions for which the municipality itself is actually responsible. See Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986). Specifically, liability attaches when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." See Monell, 436 U.S. at 694. That is, a municipality is subject to Section 1983 liability to the extent it maintained an unconstitutional custom or policy that caused the constitutional violations alleged by the claimant, but is not liable for injuries on the sole basis that they were inflicted by its employees. See id.

A municipal policy is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." See City of Canton v. Harris, 489 U.S. 378, 385 (1989). A custom is "an act 'that has not been formally approved by an appropriate decision maker,' but is 'so widespread as to have the force of law.'" See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (quoting Bd. of the Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997)). In order to recover from a municipality under this theory

---

[3] The Court notes that although Plaintiff's complaint includes allegations of excessive force (Doc. No. 1 ¶¶ 10-12, 17), Plaintiff only identifies a claim for false arrest under Section 1983.

of liability, a Plaintiff must show "a direct causal link between the municipal policy or custom and the alleged constitutional deprivation." See City of Canton, 489 U.S. at 385. Complaints alleging municipal liability under Section 1983 are not subject to heightened pleading standards. See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). However, a plaintiff attempting to establish a Monell claim must "identify a custom or policy, and specify what exactly that custom or policy was." See McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009).

In the alternative, a municipality may be liable under Section 1983 for a failure to train, monitor, or supervise; however, the failure alleged in such a circumstance must amount to "deliberate indifference to the constitutional rights of persons with whom the police come in contact." See City of Canton, 489 U.S. at 388. In order to establish deliberate indifference, a plaintiff must generally show the failure alleged "has caused a pattern of violations." See Berg v. Cty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000). Where a failure to train claim is alleged based on a single incident, the complaint must contain allegations that policymakers "kn[e]w to a moral certainty" that the alleged constitutional deprivation would occur and the need for further training "must have been plainly obvious." See City of Canton, 489 U.S. at 390 n.10. Further, "[l]iability cannot rest only on a showing that the employees 'could have been better trained or that additional training was available that would have reduced the overall risk of constitutional injury.'" See Thomas v. Cumberland Cty., 749 F.3d 217, 226 (3d Cir. 2014) (citing Colburn v. Upper Darby Twp., 946 F.2d 1017, 1030 (3d Cir. 1991)).

### 2. Parties' Arguments

Defendant City argues that Plaintiff "fails to allege any facts to suggest, let alone establish, the existence of an official municipal policy that caused his injury as required by

5

Monell." (Doc. No. 10 at 7.) Defendant City further notes that "Plaintiff does not allege more than a single incident." (Id.) In response, Plaintiff argues that the severity of this single incident supports a finding that a failure to train Monell claim should survive a motion to dismiss at this stage. (Doc. No. 11 at 10.) Additionally, Plaintiff would have the Court infer a failure to supervise because "[m]ultiple police officers reported to the Turkey Hill Mini Market driving four or five police cruisers" and "[n]otwithstanding the number of police officers involved, Defendant City made no record of such incident." (Id. at 10-11.) Finally, Plaintiff argues that any lack of specificity in the complaint regarding a municipal policy or custom should not lead to dismissal pre-discovery. (Id. at 11-12.)

### 3. Whether the Court Should Dismiss Plaintiff's Monell Claim

Upon review of Plaintiff's complaint, the parties' arguments, and the applicable law, the Court will dismiss Plaintiff's Monell claim against Defendant City because Plaintiff has failed to sufficiently allege the existence of a municipal policy or custom or the existence of a pattern of prior similar constitutional violations that would put Defendant City on notice as to a need for additional training. A review of Plaintiff's complaint reveals the following allegations ostensibly in support of a single-incident failure to train Monell claim:

> York City failed to take steps to properly train and supervise Individual Defendants.
>
> Specifically, York City failed to create or implement policies which would require that York City Police document all incidents where officers draw firearms. Alternatively, York City failed to ensure that such policies, if in existence, were carried out.
>
> Specifically, York City failed to ensure that officers were instructed on the constitutional prohibition on the use of force or the threat thereof to seize or arrest a person in the absence of probable cause or reasonable suspicion.

6

> Specifically, York City, upon information and belief, was aware that Individual Defendants and/or other police officers arrested individuals in violation of the U.S. Constitution and failed to train, provide proper supervision, or otherwise protect against such abuses.
>
> Accordingly, York City is liable for the unconstitutional conduct of Individual Defendants within the meaning of *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

(Doc. No. 1 ¶¶ 24-28.) In this case, the Court finds that Plaintiff's allegations consist largely of conclusory assertions echoing the appropriate legal standard without providing factual support. See Twombly, 550 U.S. at 555 (noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The complaint fails to identify an affirmative policy or custom adopted or promulgated by Defendant City that would give rise to municipal liability under Section 1983. See McTernan, 564 F.3d at 658. (stating that "[t]o satisfy the pleading standard, [Plaintiff] must identify a custom or policy and specify what exactly that custom or policy was"). Furthermore, although Plaintiff alleges generally that Defendant City failed to adequately train its police officers in the constitutional requirements regarding use of force and search and seizure, Plaintiff does not provide any facts to support that contention. See Pahler v. City of Wilkes-Barre, 207 F. Supp. 2d 341, 353 (M.D. Pa. 2001) (granting a motion to dismiss a failure to train claim where the plaintiff pled no facts to support the contention that his injuries were caused by a failure to train, failed to identify the specific training the city should have offered, and failed to establish training was not provided). Finally, Plaintiff fails to allege any facts from which the Court can infer actual or constructive knowledge by municipal policymakers of a previous pattern of similar constitutional violations, or of the allegedly inadequate training as would be required to impose Section 1983 liability. Compare Estate of

7

Roman v. City of Newark, 914 F.3d 789, 799–800 (3d Cir. 2019) (finding the plaintiff had sufficiently stated a claim for municipal liability based on failure to train where allegations were supported by identified departmental deficiencies in a consent decree between the city and United States), cert. denied sub nom., Estate of Roman v. Newark, NJ, No. 18-1366, 2019 WL 4921310 (U.S. Oct. 7, 2019), with Goldwire v. City of Phila., 130 F. Supp. 3d 936, 944 (E.D. Pa. 2015) (dismissing a Monell claim against the city where the complaint included no facts supporting allegations that the city inadequately trained and supervised officers); see also Kingsmill v. Szewczak, 117 F. Supp. 3d 657, 672 (E.D. Pa. 2015) (dismissing a Monell claim against the municipal defendant where the plaintiff merely alleged the municipal defendant had knowledge of an officer's history of constitutional violations and failed to investigate, supervise, or discipline the officer absent supporting facts). Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's Section 1983 claim against Defendant City without prejudice.[4]

---

[4] District courts must generally extend plaintiffs an opportunity to amend a complaint before dismissal in civil rights cases. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007). A court can refuse to permit an amendment on grounds of bad faith, undue delay, prejudice, or futility. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citing Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459 (1999)). In this case, Plaintiff may be able to gather more information related to municipal policies or a pattern of prior constitutional violations in order to more specifically plead a Section 1983 failure to train claim against Defendant City. Therefore, the Court finds it would not be futile to allow amendment.

B. **Plaintiff's State Law Claims for False Arrest (Count II), Invasion of Privacy (Count III), and Civil Conspiracy (Count IV)**

In addition to Plaintiff's Section 1983 claim, Plaintiff asserts state law claims for false arrest (Count II), invasion of privacy (Count III), and civil conspiracy (Count IV) against all Defendants.[5] (Doc. No. 1. ¶¶ 35-38.)

As to Plaintiff's state law claims against Defendant City, the PSTCA grants municipalities, municipal agencies, and municipal officers acting in an official capacity immunity from liability for all state law tort claims, unless the suit falls within one of eight enumerated exceptions. See 42 Pa.C.S.A. § 8541, et seq. ("[N]o local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.") Exceptions to the PSTCA are: (1) vehicle liability; (2) care, custody, control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals. See 42 Pa.C.S.A. § 8542. These exceptions are strictly construed and narrowly interpreted. See Granchi v. Borough of N. Braddock, 810 A.2d 747, 749 (Pa. Commw. Ct. 2002) (citing Jones v. Southeastern Pa. Transp. Auth., 772 A.2d 435, 440 (Pa. 2001)). It is clear from the allegations in the complaint that none of the enumerated exceptions

---

[5] The Court reads Plaintiff's complaint as asserting claims for false arrest under both Section 1983 (Count I) and state law (Count II). (Doc. No. 1.) Defendant City's briefing on the matter indicates it views both of Plaintiff's false arrest claims as constitutional claims. (Doc. No. 10 at 4.) However, whether viewed as a constitutional claim or state law tort, Plaintiff's false arrest claim against Defendant City must fail. If Plaintiff seeks to assert a claim of false arrest under Section 1983, it is well established that municipal liability cannot be based on a theory of respondeat superior. See Monell, 436 U.S. at 691. To the extent that Plaintiff seeks to assert a false arrest claim against Defendant City under state tort law on a theory of respondeat superior, false arrest is an intentional tort that is not actionable against a municipal defendant under the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"). See 42 Pa. C.S.A. § 8541, et seq.

9

apply in this case. Furthermore, this Court and others have previously dismissed claims of invasion of privacy, false arrest, civil conspiracy, and other tort claims brought against municipal defendants as barred by the PSTCA. See Zerby v. Waltz, No. 16-cv-00383, 2017 WL 386616, at *12 (M.D. Pa. Jan. 27, 2017) (dismissing state law claims of malicious prosecution and invasion of privacy against county defendants in light of the PSTCA); Torres v. Allentown Police Dep't, No. 13-cv-3066, 2014 WL 4081477, at *9 (E.D. Pa. Aug. 18, 2014) (dismissing state law claims of negligence, assault and battery, and civil conspiracy against county defendants in light of the PSTCA); Gallashaw v. City of Phila., 774 F. Supp. 2d 713, 719 (E.D. Pa. 2011) (dismissing state law claims for false arrest, false imprisonment, and intentional infliction of emotional distress against city defendant in light of the PSTCA). Accordingly, the Court will dismiss Plaintiff's state law tort claims against Defendant City with prejudice.[6]

### C. Plaintiff's Federal Conspiracy Claim Under 42 U.S.C. § 1985 (Count V)

#### 1. Applicable Legal Standard

It is clearly established that in order to survive a motion to dismiss a claim under 42 U.S.C. § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

---

[6] The briefing in this matter also debates whether Plaintiff has sufficiently pled these claims at all. (Doc. Nos. 10-12.) However, the Court need not decide the matter as Defendant City is immune from liability under the PSTCA as a matter of law. The Court further finds that amendment of these claims would be futile as Defendant City's immunity would not permit amended claims to survive a subsequent motion to dismiss. See Alvin, 227 F.3d at 121 (citing Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459 (1999) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted")).

See Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (citing United Bhd. Of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-829 (1983)). "In most cases, a bare conclusory allegation of 'conspiracy' or 'concerted action' will not suffice." Flanagan v. Shively, 783 F. Supp. 922, 928 (M.D. Pa. 1992), aff'd, 980 F.2d 722 (3d Cir. 1992). Rather, a plaintiff must plead facts from which the existence of an agreement between defendants can be inferred. See Parrott v. Abramsen, 200 F. App'x 163, 165 (3d Cir. 2006). Further, a plaintiff must allege "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action' in order to state a claim." See Farber, 440 F.3d at 135 (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

### 2. Parties' Arguments

Defendant City asserts that Plaintiff has not pled a conspiracy claim. (Doc. No. 8 ¶ 18.) According to Defendant City, Plaintiff's complaint "does not sufficiently allege any facts to establish that the unidentified officer defendants took the actions alleged due to an agreement to deprive Plaintiff of his constitutional rights or because of some discriminatory animus." (Doc. No. 12 at 5-6.) In response, Plaintiff argues that he has sufficiently pled that Defendants acted together by alleging that "Defendants unreasonably seized [Plaintiff] by use of the threat of deadly force and searched his person and his vehicle absent reasonable suspicion or probable cause." (Doc. No. 11 at 15.)

### 3. Whether Plaintiff's Complaint Has Stated a Claim for Conspiracy Under Section 1985

The Court finds that Plaintiff has failed to state a claim for conspiracy under Section 1985. As noted above, under Twombly and Iqbal, a plaintiff must plead facts in support of a claim rather than legal conclusions. Here, the only allegation in Plaintiff's complaint specific to a Section 1985 conspiracy claim is:

> Individual Defendants and York City acted together, in concert, to
> deprive [Plaintiff] of the equal protection of the laws and/or equal
> privileges and immunities under the laws. Accordingly,
> Defendants have conspired to violate [Plaintiff]'s civil rights.

(Doc. No. 1 ¶ 42.) While Plaintiff alleges in a conclusory fashion that Defendant City acted in concert with Individual Defendants to deprive Plaintiff of his civil rights, the complaint alleges no facts that would plausibly support the finding of an agreement between Defendants. Furthermore, although Plaintiff notes in briefing on this matter that "Plaintiff is a member of a protected class on the basis of his race, color[,] and ethnicity" (Doc. No. 11 at 15), Plaintiff's complaint does not allege that Plaintiff is a member of a protected class, nor does it allege that the incident forming the basis of this action was motivated by discriminatory animus. (Doc. No. 1.) Therefore, the Court will dismiss Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) without prejudice.[7]

## IV. CONCLUSION

For the foregoing reasons, Defendant City's motion to dismiss (Doc. No. 8) will be granted. An Order consistent with this Memorandum follows.

---

[7] Consistent with the Court's earlier discussion of the propriety of amendment as it pertains to Plaintiff's Section 1983 claim, the Court also finds that amendment of Plaintiff's Section 1985 claim would not necessarily be futile. Therefore, the Court's dismissal of this claim is without prejudice.