# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTOR UKADIKE EZEIBE,** | ) |
| Plaintiff, | ) Civil Case No. 1:19-cv-00189-YK |
| v. | ) |
| **CITY OF YORK** | ) Jury Trial Demanded |
| and | ) FIRST AMENDED COMPLAINT |
| **JOHN DOES and JANE DOES,** | ) |
| Defendants. | ) |

## PRELIMINARY STATEMENT

1. The Fourth Amendment to the United States Constitution, as incorporated against the states by the Fourteenth Amendment, protects the people from unreasonable seizures of their person. The Plaintiff in this matter was surrounded by police and arrested at gunpoint without probable cause or reasonable suspicion, confined, and intimately searched, resulting in the Plaintiff's emotional distress, terror, apprehension, anxiety, and humiliation.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

## PARTIES

3. Victor Ukadike Ezeibe ("Plaintiff") is a resident of West Manchester Township, Pennsylvania.

4. City of York ("York City" or "the City") is a municipality located in the County of York, Commonwealth of Pennsylvania.

5. John Doe and Jane Doe Defendants are, upon information and belief, York City Police Officers and are, accordingly officers, agents or employees of York City. They are sued in their individual capacities. (Hereafter referred to as "Individual Defendant" or "Individual Defendants").

## FACTUAL ALLEGATIONS

6. Plaintiff is Nigerian and works in York City as a pharmacist.

7. On the evening of December 16, 2018, Plaintiff left work and was driving home in his Nissan X-Terra; he was driving through an undesirable part of the City so that he could stop at the Turkey Hill Mini Market on his way home to buy ice cream for his children.

8. An Individual Defendant followed Plaintiff's vehicle from the Shell Gas Station on Roosevelt Avenue to the Turkey Hill Mini Market on West Market Street in York, Pennsylvania in Defendant's police cruiser.

9. Upon parking his vehicle, an Individual Defendant shouted, "Stay in your car! Do not come out of your car!" which shocked and surprised Plaintiff.

10. Plaintiff waited in his car, as instructed, and observed that he was surrounded by approximately four to five other York City police cruisers and Individual Defendants.

11. An Individual Defendant ordered Plaintiff to drop his car keys out the window, to which Plaintiff complied.

12. After an Individual Defendant collected Plaintiff's car keys from the ground near the driver's window, Plaintiff observed the reflection of an Individual Defendant in the side mirror aiming a firearm at Plaintiff.

13. Plaintiff looked to his right and left and observed two other Individual Defendants with firearms aimed at him.

14. All of the Individual Defendants were Caucasian.

15. The realization that three Individual Defendants were surrounding Plaintiff and were pointing firearms at him provoked feelings of terror in Plaintiff.

16. The fact that the Individual Defendants were Caucasian and Plaintiff was a Black male heightened Plaintiff's anxiety.

17. The Individual Defendants ordered Plaintiff to exit his vehicle with his hands up and walk backwards; Plaintiff complied with this order.

18. Two Individual Defendants seized Plaintiff and handcuffed him.

19. The Individual Defendants searched Plaintiff's person, including his underwear and pockets.

20. The Individual Defendants then confined Plaintiff within the back seat of a police cruiser while Individual Defendants searched Plaintiff's Nissan X-Terra.

21. Following the search of Plaintiff's vehicle, the Individual Defendants escorted him out of the back of the police cruiser, causing a cut or abrasion to Plaintiff's person in the process.

22. The incident of December 16, 2018 between Individual Defendants and Plaintiff has caused mental and emotional suffering to Plaintiff, including nightmares and panic attacks causing Plaintiff to physically shake.

23. Approximately three days following the incident of December 16, 2018, Plaintiff contacted the York City Police to inquire about information concerning the incident and was informed that there were no records pertaining thereto.

24. The fact that York City has no record of the December 16, 2018 incident involving Plaintiff suggests that the Individual Defendants acted unlawfully and purposely omitted documenting and/or recording the incident.

**CLAIMS FOR RELIEF**

**COUNT I**
**False Arrest in Violation of the Fourth and Fourteenth Amendments**

25. Plaintiff hereby incorporates the foregoing paragraphs, as if fully set forth herein.

26. The Fourth Amendment prohibition against unreasonable searches and seizures, as incorporated against the states through the due process clause of the Fourteenth Amendment to the United States Constitution prohibits law enforcement officers from making an arrest or investigatory without probable cause or reasonable suspicion.

27. All Individual Defendants acted under color of state law.

28. Individual Defendants violated Plaintiff's constitutional right to be free from unreasonable searches and seizures by arresting him, confining him, and searching his person and his vehicle without probable cause or reasonable suspicion. *See* 42 U.S.C. §1983.

29. The Individual Defendants acted with malice, evil intent and reckless disregard when they seized and searched Plaintiff without probable cause.

30. York City failed to take steps to properly train and supervise Individual Defendants.

31. Specifically, York City failed to create or implement policies which would require that York City Police document all incidents where officers draw firearms. Alternatively, York City failed to ensure that such policies, if in existence, were carried out.

32. Specifically, York City failed to ensure that officers were instructed about excessive force or the threat thereof to seize or arrest a person in the absence of probable cause or reasonable suspicion.

33. Specifically, York City, upon information and belief, was aware that Individual Defendants and/or other police officers arrested individuals in violation of the U.S. Constitution and failed to train, provide proper supervision, or otherwise protect against such abuses.

34. York City's failure demonstrates a deliberate indifference to the constitutional rights of persons with whom its police officers would come into contact.

35. Accordingly, York City is liable for the unconstitutional conduct of Individual Defendants within the meaning of *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**COUNT II**
**Use of Excessive Force in Violation of the Fourth and Fourteenth Amendments**

36. Plaintiff hereby incorporates the foregoing paragraphs, as if fully set forth herein.

37. The Fourth Amendment prohibition against unreasonable searches and seizures, as incorporated against the states through the due process clause of the Fourteenth Amendment to the United States Constitution prohibits law enforcement officers from using unreasonable and excessive force when detaining, arresting or searching individuals.

38. Excessive force is that which is unreasonable in light of the totality of the circumstances.

39. Multiple Individual Defendants drew their guns and tackled Plaintiff, even though Plaintiff was unarmed and complied with all of their instructions.

40. At all times, the Individual Defendants acted under color of state law.

41. The Individual Defendants man-handled Plaintiff.

42. The Individual Defendants searched Plaintiff's underwear.

43. The Individual Defendants acted with malice, evil intent and reckless disregard when they used excessive force against Plaintiff.

44. The Individual Defendants are liable for the use of excessive force against Plaintiff.  *See* 42 U.S.C. §1983.

45. York City police officers have a history of using excessive force against bystanders, arrestees and detainees as, for example, the following complainants: Raymond Douglas Young (excessive force); Erika Eberhardinger (firing gun into car windshield); Larry Lee Walker (excessive force); Waleska Vega (excessive force) Alfredo Montanez (excessive force); Estate of Juan Bonilla, Jr. (deadly force); Khalid Abdulla (personal injury and harassment due to sexual orientation and disability); and Donna and Holly Dull (Excessive force).

46. York City failed in its responsibility to properly train and supervise its police officers in the use of force and the constitutional prohibition against the use of excessive and unreasonable force.

47. York City acted with deliberate indifference to the likelihood that the Individual Defendants would violate the constitutional rights of persons with whom they come into contact.

48. Accordingly, York City is liable for the unconstitutional conduct of Individual Defendants within the meaning of *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**COUNT III**
**Equal Protection**

49. Plaintiff hereby incorporates the foregoing paragraphs, as if fully set forth herein.

50. The 14th amendment of the United States Constitution guarantees "all persons . . . the equal protection of the laws."

51. As a Black Nigerian male, Plaintiff is a member of a protected class.

52. All of the Individual Defendants who unlawfully confronted Plaintiff with drawn guns and tackled him to the ground were Caucasian.

53. At all times, the Individual Defendants acted under color of state law.

54. The Individual Defendants targeted Plaintiff because he was a Black male driving an expensive SUV in an undesirable part of the City.

55. The Individual Defendants engaged in racial profiling when they confronted Plaintiff with drawn guns, then tackling and searching him.

56. The Individual Defendants were racially motivated when they confined

Plaintiff and searched his Nissan X-Terra.

57. The Individual Defendants acted with malice, evil intent and reckless disregard when they detained and searched Plaintiff because of his race and ethnicity.

58. The Individual Defendants are liable to Plaintiff because they denied Plaintiff the Equal Protection of the laws. *See* 42 U.S.C. §1983.

59. York City knows that in the course of police work, officers come into contact with racial and ethnic minorities.

60. The Individual Defendants' actions in surrounding Plaintiff with drawn guns was a glaring example of racial discrimination.

61. It may be inferred from the egregiousness of the Individual Defendants' conduct that York City has failed to adequately train and/or supervise the Individual Defendants.

62. York City's failure demonstrates a deliberate indifference to the constitutional rights of minorities with whom its police officers would come into contact.

63. Accordingly, York City is liable for the unconstitutional conduct of Individual Defendants within the meaning of *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**COUNT IV**
**Conspiracy under Federal Law and Failure to Prevent a Conspiracy**

64. Plaintiff incorporates the foregoing paragraphs, as if fully set forth herein.

65. When "two or more persons in any State or territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, . . . the party so injured or deprived may have an action for the recovery of damages . . . against any one or more of the conspirators." See 42 U.S.C. §1985(3).

66. The Individual Defendants knew or should have known that their actions violated federal and State laws, but they purposely ignored the law and proceeded to violate Plaintiff's constitutional rights.

67. The Individual Defendants acted in concert in that each had a role in the use of excessive force when confronting, detaining and searching Plaintiff and in their search of his vehicle.

68. The Individual Defendants had a common purpose, namely detaining and searching Plaintiff because of his race and ethnicity.

69. The Individual Defendants violated Plaintiff's constitutional rights, said unlawful purpose and concerted action being a civil conspiracy, under 42 U.S.C. §1985(3).

70. At no time did any of the Individual Defendants try to dissuade or prevent any other Individual Defendant from violating Plaintiff's constitutional rights, thereby incurring liability pursuant to 42 U.S.C. §1986.

71. The Individual Defendants acted with malice, evil intent and reckless disregard when they conspired to violate Plaintiff's constitutional rights.

72. As a direct and proximate cause of the Individual Defendants' civil conspiracy and their failure to prevent a conspiracy, Plaintiff suffered humiliation, trauma, emotional distress and pain and suffering.

## REQUESTED RELIEF

Wherefore, Plaintiff respectfully requests:

A. Compensatory damages as to all Defendants;

B. Punitive damages as to Individual Defendants;

C. Reasonable attorneys' fees and costs;

D. Declaratory, injunctive and other equitable relief; and

E. Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

/s/ Leticia C. Chavez-Freed
Leticia C. Chavez-Freed, Esq.
PA Bar ID 323615
The Chavez-Freed Law Office
2600 N. 3rd Street
Harrisburg, PA. 17110
(717) 893-5698
*Counsel for Plaintiff Victor U. Ezeibe*